**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRIAN ANIBAL MONTENEGRO MORALES, A# 221 363 927,** | § | |
| **Petitioner,** | § | **NO. SA-26-CV-04798-OLG** |
| **v.** | § | |
| **MARKWAYNE MULLIN *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Brian Anibal Montenegro Morales's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). Upon review, the Court finds that the Petition must be and hereby is **DENIED** for the reasons below.

Petitioner entered the United States without inspection on October 31, 2023; was apprehended and detained by immigration authorities for the first time on June 14, 2026; and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings. (Dkt. Nos. 4 at 7–8; 5 at 1). Construing the Petition liberally, Petitioner appears to challenge his detention as violating the INA and his right to due process.[1] (*See* Dkt. No.

---

[1]Petitioner also purports to raise claims under the Fourth, Sixth, Eighth, and Fourteenth Amendments, the Separation of Powers Clause, and various federal, international, and state laws, treaties, and conventions governing human rights. (Dkt. No. 1). It is Petitioner's burden to establish he is entitled to the writ. *See Villanueva v. Tate*, 801 F. Supp. 3d 689, 696–97 (S.D. Tex. 2025) ("The habeas petitioner 'bears the burden of proving that he is being held contrary to law[.]'" (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011))). With regard to these "claims," Petitioner provides little more than string citations and conclusory assertions without any development. (Dkt. No. 1). Although a Court is to construe a *pro se* Petitioner's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it is not incumbent upon the Court to create tenable arguments for the relief sought and then address such arguments. *See Autry v. Ahern Rentals, Inc.*, No. EP-19-CV-00154-DCG, 2025 WL 1511106, at *4 (W.D. Tex. May 20, 2025) ("[I]n our adversarial system, it is a party's obligation—not the courts'—to develop arguments."). Accordingly, these claims will be dismissed.

1); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding pleadings by *pro se* litigants must be construed liberally); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (same).

Petitioner's statutory basis for relief—i.e., that the INA's discretionary detention provision applies and entitles him to a bond hearing (*see* Dkt. No. 1)—was foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi*. *See* 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). As such, all applicants for admission, like Petitioner, are subject to mandatory detention during the pendency of removal proceedings. *Id.*

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now foreclosed Petitioner's constitutional bases for relief (*see* Dkt. No. 1), holding that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. *See* --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[2]

[2] The Court notes that the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" *Sosnava-Rodriguez*, --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S.

Accordingly, Petitioner's request for habeas relief (Dkt. No. 1) must be and hereby is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on November 12, 2026.

ORLANDO L. GARCIA
United States District Judge

510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.* Accordingly, while it is not this Court's place to take that step, Petitioner may wish to consider presenting such an argument to the Fifth Circuit on appeal from this Order.